IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**SHAWN MCCLAIN,**

    **Petitioner,**

v.                           **Criminal Action No.: 5:14CR22**
                                **Civil Action No.:    5:18cv30**
                                        **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION/OPINION

### I. INTRODUCTION

On February 16, 2018, Shawn McClain ("Petitioner"), filed this Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") by his counsel, Elgine McArdle. [Civil Action No. 5:18CV30, ECF No. 1; Criminal Action No. 5:15CR22, ECF No. 53].[1]

The undersigned now issues this Report and Recommendation on Petitioner's Motion without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss Petitioner's Motion under 28 U.S.C. §2255.

### II. FACTS

**A. Conviction and Sentence**

---

[1] From this point forward, unless otherwise noted, all ECF numbers refer to filings in Criminal Action No. 2:02CR25.

On April 1, 2015, the Petitioner was named in a one count Indictment which charged that he did "unlawfully, knowingly, intentionally and without authority possess with intent to distribute a quantity of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(c)."  ECF No. 1.  On September 15, 2014, the Petitioner entered a plea of guilty. ECF No. 27. Pursuant to the plea agreement, the maximum sentence the Petitioner faced was not more than 20 years imprisonment, a $1,000,000 fine and at least 3 years supervised release. The plea agreement provided that if his Base offense Level was found to be a Level 16 or below, he waived the right to appeal any order, the conviction and any sentence or the manner in which the sentence was determined or to challenge the conviction or the sentence or the manner in which was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255. Provided, however, the agreement did not waive the Petitioner's right to perfect any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. ECF No. 25 at 4. Following preparation of a Pre-Sentence Report, the Court found that the Petitioner had a Total Offense Level of 14 and a Criminal History Category of III, resulting in a sentencing range of 21 to 27 months. On March 3, 2015, the Court imposed a sentence of 120 months, which was outside the advisory sentencing guideline system. [ECF No. 41].

### B. Direct Appeal

The Petitioner did not appeal to the United States Court of Appeals for the Fourth Circuit.

### C. Federal Habeas Corpus

The Petitioner alleges ineffective assistance of counsel as his one ground for relief. More specifically, the Petitioner alleges that his former counsel failed to resolve or even attempt to resolve the pending bond revocation at his first sentencing which eventually lead to the second indictment. He further alleges that his former counsel failed to seek a continuance of the sentencing when the judge pronounced an intended sentence of 120 months when the PSR and plea called for a guideline range of 15-21 months. In addition, he alleges that his former counsel failed to investigate and resolve the matters in the bond petition which resulted in a 115 month increase in his expected sentence. Finally, he alleges that counsel's failures not only resulted in a 115 month increase in his sentence, but it also resulted in a second indictment which extended his sentence for the same offense for yet another 95 months above the initial sentence, all for the same conduct.1  ECF No. 53 at 4. For relief, the Petitioner requests that his

---

[1] On April 5, 2016, a second indictment was returned against the Petitioner and a co-defendant. The Petitioner was charged in Count One with conspiracy to possess with intent to distribute and to distribute heroin and fentanyl, in violation of 21 U.S.C. § 846 and 841(b)(1)(C). The indictment alleged that this criminal activity occurred between November of 2014 and February 17, 2015. Count Six of the indictment alleged that the Petitioner distributed heroin and fentanyl within 1000' of a Protected Location on or about February 4, 2015. See 5:16-CR-16, ECF No. 1. Accordingly, the criminal conduct alleged in this indictment occurred while the Petitioner was released on a personal recognizance bond in Criminal Action No. 5:14cr22, and resulted in his arrest on February 17, 2015, and the subsequent revocation of his pre-trial release.

sentence on the second matter be set aside or, alternatively, that the two sentences imposed be run concurrently and not consecutively.

**D.     Recommendation**

Based upon review of the record, the undersigned recommends that Petitioner's Motion be denied and dismissed from the docket because Petitioner's Motion is untimely.

### III.  ANALYSIS

Under 28 U.S.C. § 2255(f), a one year limitation applies to motions brought under that section. This one year period runs from the latest of the following:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1-4).

The Petitioner makes no argument that he was prevented from filing his motion based on governmental action, nor does he allege that he is relying on a right newly recognized by the Supreme Court made retroactive to cases on collateral review or that the claims presented were not earlier known. Therefore, subsections 2, 3 and 4 are not applicable to this case, and the relevant provision is the date on which his conviction became final.

When a prisoner does not file a notice of appeal, the judgment becomes final when the time for seeking such review expires. Clay v. United States, 537 U.S. 522 (2003). Petitioner's judgment order was entered on March 3, 2015. [ECF. No. 41]. Petitioner declined to pursue an appeal, therefore his conviction became "final" for the purposes of § 2255(f)(1) on March 17, 2015, fourteen days after the judgment of conviction. See Clay, 537 U.S. at 525. Petitioner had one year, or until March 17, 2015, to file a timely § 2255 Motion. However, he did not file his Motion until February 16, 2018, nearly three years after the one year statute of limitations had expired.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[Civil Action No. 5:18cv30, ECF No. 1; Criminal Action No. 5:15cr22, ECF No. 53]** be **DENIED** and **DISMISSED** because Petitioner's motion is untimely.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.   28 U.S.C. § 636(b)(1); **Thomas v. Arn**, 474 U.S. 140 (1985); **Wright v. Collins**, 766 F.2d 841 (4th Cir. 1985); **United States v. Schronce**, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record via electronic means.

DATED:   February 19, 2019.

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE